Ciparick, J.
(concurring). While I am constrained to agree with the result reached by the majority, the injustice created under the facts of this case by a literal reading of the exception that the weapon be found on the person of an occupant in a motor vehicle (Penal Law § 265.15 [3] [a]) merits consideration.
Here, the facts clearly demonstrate that the seized weapon had been carried into a waiting van by the individual who attempted to shoot the police officers in his pursuit. The fleeing shooter was then apprehended in the passenger seat of *925 that van minutes after the shooting incident, and the warm pistol jammed with a spent bullet was found between the seats occupied by him and the driver of the van, who by all accounts was in the driver’s seat throughout the incident. Certainly, under these circumstances, the efficacy of attributing possession of the weapon to the defendant driver by way of a rebuttable presumption is dubious and compels a result at odds with the legislative impetus for this exception (see, People v Lemmons, 40 NY2d 505, 510-512; People v Wesley, 73 NY2d 351, 361 [statute prompted by the frequency of cases in which the People were unable to secure any conviction when a weapon was concealed in an automobile with more than one occupant]). In this regard, I believe it would be useful for the Legislature to consider an amendment to Penal Law § 265.15 (3) (a) to remedy this statutory injustice.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur in memorandum; Judge Ciparick concurs in result in an opinion.
Order reversed, etc.